IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TURNER ANTHONY BURNETT,  :
  #506861
                         :
         Petitioner
                         :
    v.                        CIVIL ACTION NO. L-11-2759
                         :
BOBBY P. SHEARIN, et al.
                         :
         Respondents

**MEMORANDUM**

Pending is Petitioner's habeas corpus petition filed on August 23, 2011,[1] pursuant to 28 U.S.C. § 2254 (ECF No. 1), Respondents' answer (ECF No. 4), and Petitioner's reply thereto[2] (ECF No. 8). After review, the Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2011); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

On February 6, 1996, Petitioner was convicted by a jury in the Circuit Court for Baltimore City of attempted first-degree murder, attempted second-degree murder, and several weapons offenses. ECF No. 4, Ex. 1 at 1, 3. On April 1, 1996, he was sentenced to life plus 30 years' incarceration on the attempted murder convictions, and a consecutive nine-year sentence for the weapons offenses. Id., Ex. 1 at 1, 3; Ex. 2 at 1. The convictions were affirmed on appeal and the case remanded for re-sentencing on the weapons offenses in an unreported opinion filed on December 23, 1996. Id., Ex. 2. On May 7, 1997, the Court of Appeals of Maryland denied

---

[1] The Petition, received by the Clerk on September 26, 2011, is dated August 23, 2011, and is deemed filed on that date pursuant to the "prison mail box rule." See Houston v. Lack, 487 U.S. 266 (1988); United States. v. Dorsey, 988 F. Supp. 917, 919-20 (D. Md. 1998).

[2] Petitioner's request for additional time to file a reply (ECF No. 6) is granted nunc pro tunc.

Petitioner's request for further review. Id., Ex. 3. Petitioner did not seek certiorari in the United States Supreme Court. His judgment of conviction became final for direct appeal purposes on August 5, 1997.[3]

On September 29, 1997, Petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City. Id., Ex. 1 at 5. The petition was withdrawn without prejudice on May 8, 1998. Id. A second petition for post-conviction relief was filed nearly eight years later, on February 21, 2006. Id. On August 24, 2007, Petitioner was granted the right to file a belated motion for modification of sentence;[4] post-conviction relief otherwise was denied. Id. at 7. Petitioner's application for leave to appeal the post-conviction decision was granted in part to permit him the right to seek review of his sentence before a three-judge panel,[5] but otherwise was denied. The Court of Appeals denied further review of the post-conviction matter on October 22, 2010. Id., Ex. 5. His motion for DNA testing, filed on October 30, 2007 and stayed pending appellate proceedings, was denied on January 12, 2011. Id., Ex. 1 at 8-10. A request for appellate review of this denial was rejected by the Court of Appeals on May 23, 2011. ECF No. 1 at 6.

Petitioner indicates that a lack of access to the prison library stymied and delayed his ability to complete post-conviction review and motions seeking modification of sentence and DNA testing, which he believed were necessary in order that the instant Petition be deemed fully exhausted. ECF No. 8 at 3-7. The Court recognizes that Petitioner fully pursued all avenues of

---

[3] See Sup. Ct. Rule 13 (petition for writ of certiorari to be filed within 90 days of the judgment from which review is sought).

[4] The subsequently-filed motion for modification of sentence, filed on November 19, 2007, was denied on February 27, 2008. Id., Ex. 1 at 8.

[5] The application for review of sentence, filed on July 6, 2010, resulted in no change of sentence pursuant to an Order entered on August 31, 2010. Id., Ex. 1.

State post-conviction relief from the time he filed his second post-conviction petition (February 21, 2006) until the completion of appellate review of his motion for DNA testing (May 23, 2011). The Court also recognizes that after state post-conviction review ended, Petitioner promptly filed the instant Petition in this Court (on August 23, 2011).

What cannot be ignored, however, is the fact that no post-conviction proceedings were pending between the time Petitioner withdrew his first state post-conviction petition (May 8, 1998) and his initiation of the second post-conviction petition (February 21, 2006). This period of time, exceeding seven years, cannot be excused or ignored. As previously explained by this Court, to be entitled to equitable tolling of the one-year limitations period, Petitioner must establish that either some wrongful conduct by Respondents contributed to his delay in filing his habeas corpus petition, or that circumstances beyond his control caused the delay. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id.; see also 28 U.S.C. § 2244(d)(2); Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010); see also Wall v. Kholi, 131 S.Ct. 1278, 1283-84, 2011 WL 767700 * 5-6 (March 7, 2011) (explaining that collateral review is judicial reexamination of a judgment or claim in a proceeding outside the direct review process).

Petitioner has failed to establish factors warranting equitable tolling of the statute of limitations. Having concluded that the Petition was filed beyond the statute of limitations, the Court will dismiss the motion as untimely.

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealabilty ("COA") is issued, Petitioner may not appeal the Court's decision in a § 2255 proceeding. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA

may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.  The denial of a COA does not preclude Petitioner from seeking permission with the appellate court to file a successive petition or from pursuing his claims upon receiving such permission.

       A separate Order follows.

January 19, 2012                                          /s/
                                                                _____
                                                                Benson Everett Legg
                                                                United States District Judge